UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

APi Group, Inc.; and A.P.I. Garage Door, Inc.,
d/b/a Twin City Garage Door Company,

            Plaintiffs,

v.

Global Distribution Services, Inc., d/b/a
Twin City's Choice Overhead Garage Door, Inc.;
and Mobile Motion, Inc.,

            Defendants.

**MEMORANDUM OPINION AND ORDER**
Civil No. 11-3560 ADM/AJB

_____

Keri A. McWilliams, Esq., and Cynthia A. Moyer, Esq., Fredrikson & Byron, PA, Minneapolis, MN, on behalf of Plaintiffs.

Jeffrey C. Brown, Esq., Sapientia Law Group, Minneapolis, MN, on behalf of Defendants.

_____

## I. INTRODUCTION

This matter is before the undersigned United States District Judge for consideration of costs and attorney's fees from Defendants Global Distribution Services, Inc. ("Global Distribution Services") and Mobile Motion, Inc. ("Mobile Motion") to Plaintiffs APi Group, Inc. and A.P.I. Garage Door, Inc. (collectively, "Plaintiffs") as contemplated by the Court's prior Order dated May 23, 2012 [Docket No. 32] (the "May 23, 2012 Order"). For the reasons set forth below, APi is awarded $11,796.00.

## II. BACKGROUND

On December 8, 2011, Plaintiffs filed their Complaint [Docket No. 1] alleging cybersquatting, false designation of origin, false advertising, violation of the Minnesota Deceptive Trade Practices Act, unfair competition, and common law trademark infringement by Defendants. As of November 17, 2011, the registered agent for Global Distribution Services in

Minnesota was Bob Rudd, and Global Distribution Services' registered office address in Minnesota was an address on Concord Street in South St. Paul, Minnesota.  May 18, 2012 Decl. of Keri McWilliams [Docket No. 29], Ex. A.  On December 15, 2011, Plaintiffs sent a process server to that address, the process server found the address to be occupied by a storage facility and was unable to locate Bob Rudd.  May 18, 2012 Decl. of Keri McWilliams ¶¶ 5-6.  On December 16, 2011, Plaintiffs effected substitute service of process on the Secretary of State of Minnesota for Global Distribution Services.  March 15, 2012 Decl. of Keri A. McWilliams in Supp. of Application for Entry of Default Against Global Dist. Servs., Inc. & Mobile Motion, Inc. [Docket No. 6] Ex. B.

On November 17, 2011, Mobile Motion's registered address was one in Hermosa Beach, CA.  March 15, 2012, McWilliams Decl., Ex. C.  On December 19, 2011, a process server was unable to locate Mobile Motion at its registered address.  May 18, 2012 Decl. of Keri McWilliams ¶ 9.  Another address for Mobile Motion was discovered and service of process was attempted to no avail.  Id. ¶¶ 10-11.  A process server then attempted to serve Mobile Motion's president at his home address in a gated community but was unsuccessful.  Id. ¶ 13.  On December 28, 2011, copies of the Summons and Complaint in this matter were left with a person at the address listed on Mobile Motion's website, but the address was not actually a place of business of Mobile Motion but rather was a UPS store.  March 15, 2012 McWilliams Decl. ¶¶ 11-13, Ex. E.  That same day, copies of the Summons and Complaint were mailed to that address.  May 18, 2012 McWilliams Decl. ¶ 14, March 15, 2012 McWilliams Decl., Ex. F.

On March 15, 2012, more than three months later and having received no Answer from Defendants, Plaintiffs applied for entry of default against Defendants and the Clerk entered default against them.  On March 28, 2012, still having received no Answer, Plaintiffs filed a

Motion for Default Judgment and Injunctive Relief [Docket No. 8]. Plaintiffs mailed their motion papers to Global Distribution Services at its Minnesota address and another business address in Las Vegas, Nevada, and mailed their motion papers to Mobile Motion at all addresses at which service was attempted. May 18, 2012 McWilliams Decl. ¶ 15. On April 9, 2012, Defendants acknowledged receipt of the motion papers through counsel not licensed in Minnesota. Id. ¶ 16. On April 14, 2012, Defendants made a settlement offer to Plaintiffs but did not file a response to the default motion or an Answer. Id. ¶ 17. On April 25, 2012, Defendants' local counsel sent a letter [Docket No. 14] to the Court seeking guidance on how best to respond to the pending motions and file an Answer given that all relevant deadlines had passed and local counsel had just been retained. On May 4, 2012, Defendants filed Motions to Set Aside Default and [for] Leave to Answer Out of Time [Docket No. 17].

Mobile Motion avers it did not file an Answer or respond to the Motion for Default Judgment earlier because it was "confused" why the Complaint was filed given that a prior arbitration regarding similar facts was resolved in its favor. Decl. of Doran Kim [Docket No. 22] ¶ 3. Mobile Motion further avers it did nothing to protect its rights because it "assumed" Global Distribution Services would handle this matter. Id. Global Distribution Services avers it did not respond to the Complaint of Motion for Default Judgment because it was also "confused" by the prior arbitration and because it did not believe it had been properly served. Decl. of Brandon Campbell [Docket No. 23] ¶ 2.

By Order dated May 23, 2012, Plaintiffs' Motion for Default Judgment was denied and Defendants' Motions to Set Aside Default and [for] Leave to File Answer Out of Time were granted. However, in response to Defendants' motions, Plaintiffs made an alternative request that if their motion for default judgment was not granted and the default was set aside, that they

be awarded costs and fees associated with the belabored service of process and motions required because of Defendants' failure to timely respond. The Court granted that request but provided Defendants an opportunity to respond to the cost and fees claimed by Plaintiffs. Plaintiffs have now submitted an itemized Bill of Costs and Defendants have submitted a letter-brief in opposition.

### III.  DISCUSSION

Setting aside an entry of default is governed by Rule 55(c) of the Federal Rules of Civil Procedure ("FRCP"). Rule 55(c) provides that an entry of default may be set aside for "good cause." Fed. R. Civ. P. 55(c). "When examining whether good cause exists, the . . . court should weigh whether the conduct of the defaulting party was blameworthy or culpable, whether the defaulting party has a meritorious defense, and whether the other party would be prejudiced if the default were excused." Stephenson v. El-Batrawi, 524 F.3d 907, 912 (8th Cir. 2008).

In granting Defendants' motion at the conclusion of oral argument, the focus was on the later factor. The Court determined little prejudice to Plaintiffs was incurred beyond the financial costs expended. With respect to the first factor, Defendants were clearly culpable, but after weighing the equities, and considering the disfavor the law places on default judgment, see In re Jones Truck Lines, Inc., 63 F.3d 685, 688 (8th Cir. 1995) ("The entry of default judgment is not favored by the law . . . ") (citation omitted), this matter was allowed proceed on the merits.

The award of fees and costs was done under this Court's inherent equitable power to sanction bad faith conduct. Chambers v. NASCO, Inc., 501 U.S. 32, 45–46 (1991) (noting federal courts' inherent power to assess attorney's fees against party that has acted in "bad faith, vexatiously, wantonly, or for oppressive reasons"). At first blush, it may seem contradictory to make a finding of bad faith on one hand while not allowing the blameworthiness of Defendants

to defeat their attempt to set aside the default. However, such a result is equitable. While the blameworthiness of Defendants was not to the level that the sanction of default judgment was warranted, the lesser sanction of restoring Plaintiffs to the position they would occupy but for Defendants' culpable conduct is just. "Bad faith" is a somewhat nebulous concept. In other contexts, courts have likened bad faith with gross negligence or recklessness. Reliastar Life Ins. Co. v. IOW Re, Inc., 303 F.3d 874, 882 (8th Cir. 2002) (holding bad faith in context of insurance claims is deliberate deception, gross negligence, or recklessness); Perkins v. Spivey, 911 F.2d 22, 36 (8th Cir. 1990) (noting that for 28 U.S.C. § 1927 and Rule 11 purposes, bad faith by attorney could be established by showing intentional or reckless disregard of the attorney's duties).

Here, Defendants were reckless in their response to notice of this lawsuit. There is no dispute that both Defendants were aware of this litigation. They merely chose not to respond because they were "confused" that this litigation dealt with the same internet domain name as a prior arbitration. Decl. of Doran Kim ¶ 3; Decl. of Brandon Campbell ¶ 2. In addition to being confused, Mobile Motion assumed Global Distribution Services would handle the litigation. Decl. of Doran Kim ¶ 3. For its part, in addition to its confusion, Global Distribution Services made the legal conclusion, apparently without advice from counsel that they had not been properly served. Decl. of Brandon Campbell ¶ 2. Such conduct by these relatively sophisticated parties who have previously litigated is reckless.

Therefore, it is an appropriate sanction to reimburse Plaintiffs for the costs and fees caused by Defendants' recklessness. Because this sanction was arrived at for a finding of bad faith, which party was the "prevailing party" on the default motion is immaterial. See Chambers, 501 U.S. at 53 ("[T]he imposition of sanctions under the bad-faith exception depends

not on which party wins the lawsuit, but on how the parties conduct themselves during the litigation."). Therefore, Defendants' arguments that they should not reimburse Plaintiffs for arguing an unsuccessful motion or for bringing a motion that was lost on the merits are unavailing. Defendants' reckless conduct in not responding to this lawsuit caused Plaintiffs' counsel to expend time researching, drafting, and arguing the Application for Entry of Default, Motion for Default Judgment, and their eventual response to Defendants' motions. Plaintiffs are awarded $10,543.00 in fees to compensate them for that litigation. Furthermore, Defendants' reckless conduct in not maintaining updated registered address and agent information caused protracted attempts to effect service of process and Plaintiffs are awarded those costs in the amount of $1,253.00. However, Plaintiffs will not be reimbursed for internet-based research. Under Eighth Circuit precedent, computer-aided research, like all other forms of legal research, are considered to be subsumed within an attorney's fees. Standley v. Chilhowee R-IV School Dist., 5 F.3d 319, 325 (8th Cir. 1993) (citing Leftwich v. Harris-Stowe State College, 702 F.2d 686, 695 (8th Cir. 1983)). Therefore, Plaintiffs' total award amounts to $11,796.00.

## IV.  CONCLUSION

Based upon all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendants shall pay Plaintiffs $11,796.00 on or before July 31, 2012.

BY THE COURT:

s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  July 10, 2012.